UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRA M. NORDMAN and
DAVID NORDMAN,

    Plaintiffs,

v.

    Case No. 1:05-CV-30
    Hon. Hugh W. Brenneman, Jr.

OMGA S.p.A., OMGA, INC., and
B & B MACHINERY CO.,

    Defendants.
_____/

**OPINION**

    This matter is now before the court on a motion for summary judgment filed by defendants OMGA S.p.A., an Italian business, and OMGA, Inc., an Indiana Corporation (collectively referred to as the "OMGA defendants") with respect to a cross-claim for contribution and indemnity filed by defendant B & B Machinery Co. (hereinafter referred to as "B & B") (docket no. 68), and B & B's motion to amend its cross-claim against the OMGA defendants (docket no. 88).

    **I.**    **Background**

    In an amended complaint filed on July 12, 2005, plaintiff Kendra Nordman alleges that she suffered personal injuries while using a mitre saw manufactured by OMGA defendant OMGA S.p.A. and distributed by defendant OMGA, Inc.[1] The amended complaint states in part that "on or about February 2, 2004, [p]laintiff Kendra M. Nordman sustained severe and disabling injuries to her right hand, including the loss of multiple digits on her right hand as a result of being

---

[1] Plaintiffs' amended complaint does not identify the manufacturer of the allegedly defective mitre saw. However, at the motion hearing, the OMGA defendants identified OMGA S.p.A. as the manufacturer and OMGA, Inc. as the distributor.

cut by a saw, specifically, an OMGA mitre saw T50-350, a product manufactured, distributed and/or operated by the Defendants." Amended Compl. at ¶ 7. The amended complaint also named three other defendants: B & B; Lattas Group Financial & Management d/b/a Progressive Personnel Services (hereinafter referred to as "Lattas"); and McBain Woodworking, LLC d/b/a Wolverine Wood Works (hereinafter referred to as "McBain"). The amended complaint sets forth ten counts. In Counts I, II, III, IV and V, plaintiffs allege that all defendants were negligent. In Counts VI, VII and VIII, plaintiffs allege that the OMGA defendants and B & B breached "express and/or implied warranties." In Count IX, plaintiff Kendra Norman alleges "damages." Finally, in Count X, plaintiff David Nordman alleges "loss of consortium."

The amended complaint, which consists almost entirely of boilerplate language, does not describe the relationships between the parties or the alleged roles of the defendants in this unfortunate event.[2] Indeed, the parties presently before the court, i.e., the OMGA defendants and B & B, are unable to agree on the roles of the different parties to this litigation. The OMGA defendants contend that plaintiff Kendra Nordman was employed by Lattas, a staffing agency, and that she allegedly sustained her injuries while working at McBain. OMGA brief at 1-2. However, B & B identifies McBain as Kendra's employer. B & B brief at 2. The OMGA defendants state that defendant B & B sold the subject mitre saw to McBain. OMGA brief at 2. Defendant B & B states that "[p]laintiffs have alleged that B & B sold the subject mitre saw to McBain." B & B brief at 2. However, "B & B has expressly denied that it played any substantial role in the distribution and sale of the subject mitre saw." *Id.*

---

[2] Plaintiffs' counsel advised the court that he would not be attending the motion hearing. Counsel's presence would have been helpful to the court.

On October 19, 2005, B & B filed a cross-claim against the OMGA defendants and McBain. In its cross-claim, B & B seeks "common law indemnity and contribution" citing a Michigan contribution statute, M.C.L. § 600.2925a. Cross-Claim at ¶¶ 12, 14 and 15. B & B attached invoices to its cross-claim which indicate (1) that B & B shipped an OMGA T50-350 saw to McBain on May 1, 2002 at a price of $2,242.00; and, (2) that B & B shipped an OMGA "#24790 Guard New Stle [sic] T50 350, TR28 RH" and an OMGA "#600040250000 Complete T55-T50 Handle" on August 29, 2002, at a price of $57.01 (including shipping). *See* Exhibit A attached to Cross-Claim. Although B & B denies that it had a "substantial role" in the distribution and sale of the saw, B & B's own records establish that it sold a T50-350 saw and additional parts to McBain in May and August 2002.

The record reflects that both Lattas and McBain have been dismissed from this suit. *See* docket nos. 74 and 79. Accordingly, B & B's cross-claim is limited to the OMGA defendants.

## II.     Legal standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III.    B & B's claims under the contribution statute

At the motion hearing on February 6, 2006, defendant B & B withdrew its claims for contribution under the Michigan statute, M.C.L. § 600.2925a. Accordingly, these claims will be stricken from B & B's cross-claim.

### IV.    B & B's claim for common law indemnity

Defendant B & B's sole remaining claim is for common law indemnity against the OMGA defendants. The Sixth Circuit summarized Michigan common law indemnity in *LaFountain v. Sears Roebuck & Co.*, Nos. 88-1236 and 89-1182, 1989 WL 40294 (6th Cir. April 25, 1989):

> Michigan courts have recognized three possible sources of a right to indemnity: the common law, an implied contract, and an express contract. *Langley v. Harris Corp.*, 413 Mich. 592, 321 N.W.2d 662 (1982). Common law indemnity "is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer." *Hill v. Sullivan Equipment Co.*, 86 Mich.App. 693, 273 N.W.2d 527 (1978). The right to common law indemnity can be enforced only where the proposed indemnitee's liability arises vicariously or by operation of law from the acts of the party from whom indemnity is sought. *Langley*, 321 N.W.2d at 662. It is well settled that common law indemnity is not available to a party who was actively negligent. *Skinner v. D-M-E Corporation*, 124 Mich.App. 580, 335 N.W.2d 90 (1983).

*LaFountain*, 1989 WL 40294 at *1.

The Sixth Circuit's opinion in *LaFountain* is instructive and factually similar to the present case. *LaFountain* involved a defective "J" hook included in a hammock assembly, which resulted in the hammock falling to the ground and causing injury. *Id.* at *1. The plaintiffs filed suit against the retailer of the hammock (Sears) and the manufacturer and wholesaler of the hammock

4

(Klapat). *Id.* In turn, Sears and Klapat filed a third party complaint against the manufacturer of the "J" hook assemblies (Hindley). *Id.* In the present case, plaintiff filed suit against the manufacturer of the mitre saw (OMGA S.p.A.), the distributor (OMGA, Inc.) and the retailer (B & B). In both *LaFountain* and the present case, the plaintiffs alleged two different theories of recovery against the retailer (negligence and breach of warranty) and the retailer asserted claims of common law indemnity against the manufacturer. *See id.* at *2.

In *LaFountain*, the manufacturer opposed the retailer's claim for common law indemnity, raising arguments similar to the OMGA defendants. First, the manufacturer argued that plaintiffs' allegations of active negligence against the retailer and wholesaler barred them from claiming common law indemnity. The Sixth Circuit rejected this argument:

> Although [the manufacturer] is correct that courts must look to the primary complaint for allegations of "active" negligence, as opposed to derivative liability, *Hill*, 273 N.W.2d 527 at 529, this court cannot agree that the mere allegations of active negligence in the plaintiffs' complaint are sufficient to defeat [the retailer's and wholesaler's] claims for common law indemnity where recovery was also sought against [the retailer and wholesaler] based on vicarious liability or liability by operation of law. *Cf. Clark Equipment Co. v. Jones & Lamson*, 144 Mich.App. 91, 373 N.W.2d 249 at 252 (1985). The critical inquiry is whether the proposed indemnitee is able to plead and prove freedom from active fault. In those cases upon which [the manufacturer] relies, either the primary complaint contained only allegations of active negligence on the part of the party seeking indemnity or the court determined that the only way the proposed indemnitee could be liable to the plaintiff would be the result of active negligence, thereby precluding common law indemnity.

*Id.* The trial court found insufficient evidence for the plaintiffs to go to the jury on the issue of the retailer's and wholesaler's negligence, and found no evidence to support the plaintiffs' breach of express warranty claims against the defendants. *Id.* The Sixth Circuit noted that if the retailer and wholesaler had been found liable on the theories of negligence and breach of express warranties, then their claims for common law indemnity would have been precluded. *Id.* The jury did find the

retailer and wholesaler liable for breach of the implied warranty. *Id.* However, because a breach of implied warranty against a seller "arises solely by operation of law and without regard to the seller's negligence," the court concluded that the retailer and wholesaler could seek common law indemnity against the manufacturer. *Id., citing Skinner*, 335 N.W.2d 90 at 93.

Second, the Sixth Circuit rejected the manufacturer's argument that a seller's breach of the implied warranty of merchantability mandates a finding of active negligence on the part of the seller. *LaFountain*, 1989 WL 40294 at *3. In reaching this determination, the court examined the decision in *Feaster v. Hous*, 137 Mich. App. 783, 359 N.W.2d 219 (1984), in which the Michigan Court of Appeals found that the plaintiff's breach of implied warranty theory involved direct action in negligence against the defendants. *Id.* at *3. *Feaster* involved a claim for the alleged negligent installation of a gas water heater. *Id.* The court distinguished *Feaster* because "the breach of implied warranty theory in *Feaster* involved a service contract and a claim for implied contractual indemnity rather than a product liability suit and a claim for common law indemnity." *Id.*

The Sixth Circuit also examined the *Clark Equipment* case, in which the manufacturer of a component part of a lathe sought implied contractual indemnity from the lathe's seller. *Id.* In *Clark Equipment*, "[t]he Michigan Court of Appeals cited *Prentis v. Yale Manufacturing Co.*, 421 Mich. 670, 365 N.W.2d 176 (1985) for the proposition that in an action against a manufacturer of a product based on an alleged defect in the design of the product, the theories of breach of implied warranty and negligence involve identical evidence and require the same proof of the same elements." *Id.* The Sixth Circuit distinguished the decisions in *Clark Equipment* and *Prentis*, noting that *Prentis* was limited to design defect cases, noting that other implied warranty cases focus on the fitness of the product "irrespective of the defendant's conduct." *Id.* at *3 - 4. Because the retailer's

6

and wholesaler's involvement with the defective "J" hook "arose solely from their role as sellers" of the product, the court concluded that they were entitled to indemnity from the supplier of the hook. *Id.* at *4.

In the present case, plaintiff's amended complaint alleges that B & B was negligent, breached express warranties and breached implied warranties. Plaintiff's mere allegations of active negligence and breach of express warranties are insufficient to preclude B & B's claim of common law indemnification, because plaintiffs also seek recovery based on breach of implied warranties. *See id.* at *2. While B & B cannot claim common law indemnity for its own misconduct, e.g., negligence or breach of express warranties (and does not), it can claim common law indemnity based upon breach of implied warranties that arose solely from its role as a seller. Neither party has produced affidavits, deposition testimony, or other evidence indicating that B & B was actively negligent or violated an express warranty. The only evidence before the court are invoices indicating that B & B sold the mitre saw to McBain. While the sale could support plaintiff's claim for breach of an implied warranty against B & B in its capacity as seller, such a claim arises by operation of law irrespective of any misconduct by B & B. Accordingly, plaintiff's claim for breach of implied warranties is sufficient to permit B & B's claim for common law indemnity against the OMGA defendants.

### V.     Conclusion

In summary, B & B may assert a claim for common law indemnity with respect to the implied warranty claim. The OMGA defendants have failed to establish that B & B engaged in misconduct that would preclude common law indemnity. Accordingly, the OMGA defendants' motion for summary judgment (docket no. 68) will be **DENIED** without prejudice.

       B & B's proposed amended cross-claim is consistent with this court's reasoning as set forth above. Accordingly, B & B's motion to amend its cross-claim (docket no. 88) will be **GRANTED**.

       An order consistent with this opinion shall be issued forthwith.


Dated: March 29, 2006                 /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                        United States Magistrate Judge